UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

                                       Chapter 11

In re

Kyle P. Harrington,                           Case No. 09-13845 (JMP)

                  Debtor.

-------------------------------------------------------- x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Kyle P. Harrington, debtor and debtor-in-possession (the "Debtor"), having moved, by application dated June 17, 2009 (the "Application"), for an order, pursuant to §§ 105(a) and 331 of the United States Bankruptcy Code (the "Code"), *inter alia*, establishing procedures for monthly compensation and reimbursement of expenses of his counsel, Cohen Tauber Spievack & Wagner PC, retained by order of this Court, and this Court having determined that the relief requested in the Application is in the best interests of the Debtor, his estate, and creditors; and it appearing that proper and adequate notice has been given by service of the Application on the Office of the United States Trustee, and to the Debtor's creditors, and all parties who filed a notice of appearance; and that no other or further notice is necessary;

AND a hearing (the "Hearing") having been held on the Application on July 1, 2009, at which Hearing the Debtor, by his counsel-designate, CTSW, Warren R. Graham, Esq., of counsel having appeared in support of the Application, and no party having presented any opposition to the Application at the Hearing, and the Office of the United States Trustee having

appeared at the Hearing and having advised the Court that it had no objection to the entry of this Order, and upon the record of the hearing herein, and upon the representation of the Debtor that this estate is administratively solvent; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is

**ORDERED,** that CTSW may seek monthly compensation in accordance with the following procedure:

(a) On or before the twentieth (20$_{th}$) day of each month following the month for which compensation is sought, CTSW will serve a monthly statement, by hand or overnight delivery on: (i) the Debtor; (ii) counsel to any official committee of unsecured creditors ("Committee"), and if none is appointed, to the Debtor's creditors; (iii) the Office of the United States Trustee, 33 Whitehall Street, 21$_{st}$ Floor, New York, New York 10004 and (iv) any parties who have filed a notice of appearance in this Chapter 11 Case and such other parties as the Court may, in its discretion, identify from time to time;

(b) The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Southern District of New York;

(c) Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the

statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (No professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) Each person receiving a statement will have at least fifteen (15) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, serve upon CTSW and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the thirty-five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (d);

(f) If the Debtor receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

(g) Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if CTSW serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. See paragraph (j), below;

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code;

(j) Approximately every 120 days, but no more than every 150 days, CTSW shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k) Any professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals;

and it is further

**ORDERED**, that CTSW may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of CTSW's retention and ending on October 15, 2009; and it is further

**ORDERED**, that the Debtor shall include all payments to CTSW on its monthly operating reports, detailed so as to state the amount paid to CTSW; and it is further

**ORDERED**, that any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor have not timely filed monthly operating reports, remained current with his administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a); and it is further

**ORDERED**, that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that CTSW must serve a copy of this Order on all entities specified in paragraph (a) hereof.

Dated: New York, New York
      July 30, 2009                            *s/ James M. Peck*
                                              UNITED STATES BANKRUPTCY JUDGE